697 P.2d 441

**Raymond E. BOWDEN,**
**Petitioner-Appellant,**

v.

**DEPARTMENT OF HEALTH AND**
**WELFARE, Respondent.**

No. 15168.

Supreme Court of Idaho.

Feb. 20, 1985.

Raymond E. Bowden, pro se.

Jim Jones, Atty. Gen., Michael R. DeAngelo, Steven M. Stoddard, Deputy Attys. Gen., Boise, for respondent.

BAKES, Justice.

Raymond E. Bowden appeals from a district court order affirming a decision of the Idaho Personnel Commission. The Idaho Personnel Commission had found that proper procedures were followed by the Department of Health & Welfare when it abolished Bowden's employment position. We affirm.

Bowden was the chief of the Bureau of Health Care Services, Division of Health, Department of Health & Welfare, from June 1, 1977, to June 30, 1979. The Bureau of Health Care Services consisted of the licensing and certification section, and the medical-social review section. In 1979, pursuant to legislative action, $173,000 was cut from the budget of the licensing and certification section. Several alternatives as to how to implement the budget cut were discussed. It was ultimately decided that the Bureau of Health Care Services would be merged into the Bureau of Preventative Medicine, eliminating the need for one bureau chief. Bowden's position was thus eliminated—along with three oth-

er positions in the licensing program. At that time, the acting administrator of the Division of Health and the Director of the Department of Health & Welfare decided that the functioning level of the licensing program would be best maintained using this approach. Mr. Bowden was not consulted.

Bowden filed a grievance protesting his layoff. An impartial review committee found no merit in the grievance. Bowden appealed to the Idaho Personnel Commission. A hearing was held before a hearing officer. Pursuant to the findings and conclusions of the hearing officer, the Idaho Personnel Commission upheld the department's action. Mr. Bowden then appealed to the district court. At that time it was determined that the record of the original hearing had been destroyed, and the case was remanded for rehearing. A second hearing was held before the same hearing officer. The Idaho Personnel Commission upheld the department's action based on the hearing officer's findings and conclusions. Bowden again appealed to the district court. On July 5, 1983, the district court affirmed the decision of the personnel commission. Bowden now appeals to this Court.

Bowden alleges that the decision to lay him off was clearly unreasonable, arbitrary and capricious. The Personnel Commission found otherwise. We agree.

The findings of fact of the hearing officer, as affirmed by the Idaho Personnel Commission, indicated that legislative action cut a sizeable amount from the budget of the Bureau of Health Care Services. To alleviate the impact of the budget cut, the Bureau of Health Care Services was merged with the Bureau of Preventative Medicine. The merger of the two bureaus eliminated the need for one bureau chief position. Having fully reviewed the record, we agree with the district court that these findings of fact, as affirmed by the Personnel Commission, are based on substantial competent evidence.

■ We also agree with the district court that these findings support the Per-

sonnel Commission's conclusions. Acting pursuant to I.C. § 67–2405(8), which directs the department head to "abolish unnecessary positions," Bowden's department head abolished one bureau chief position. Since the department head was directed by law to eliminate Bowden's position once the position became unnecessary, Bowden's layoff was not arbitrary, capricious or unreasonable.

■ Bowden also alleges error in the Department of Health & Welfare's failure to comply with the department's manual of personnel policies and procedures. We find no merit in this argument. This Court has previously described the department's manual as "merely an internal guideline capable of being changed by an agency head when necessary, not having the force and effect of law, and thus not giving rise to a cause of action based on an alleged violation." *Service Employees Intl. Union v. Idaho Dept. of Health & Welfare,* 106 Idaho 756, 759, 683 P.2d 404, 407 (1984).

Affirmed. Costs to respondent.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.